907 F.2d 157
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NUTRITION 21, Plaintiff-Respondent,
v.
The UNITED STATES, Involuntary Plaintiff-Petitioner,
v.
THORNE RESEARCH, et al., Defendants.
 Misc. No. 281.
 United States Court of Appeals, Federal Circuit.
 May 24, 1990.
 
 Before RICH, Circuit Judge, and COWEN and SKELTON, Senior Circuit Judges.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The United States petitions for permission to appeal from the March 14, 1990 order certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b), (c) by the United States District Court for the Western District of Washington. Nutrition 21 has not filed a response. Thorne Research, Inc. submits a memorandum in support of the U.S.' petition.[1]
 
 
 2
 Nutrition 21 is the licensee of a patent owned by the United States. Nutrition 21 sued Thorne for infringement. The United States was originally named a defendant in the suit. The United States moved to be dismissed as a party and Nutrition 21 moved to have the United States realigned as an involuntary plaintiff.
 
 
 3
 On March 14, 1990, the district court denied the United States' motion to dismiss and granted Nutrition 21's motion to realign the United States as an involuntary plaintiff. The district court determined that section 207(a)(2) of 35 U.S.C.[2] is an exception to section 516 of 28 U.S.C.[3] that provides that only the Attorney General may bring an action in the name of the United States. The district court then, sua sponte, certified the order realigning the United States as an involuntary plaintiff as one involving a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.
 
 
 4
 We agree with the United States and the district court that the order is appropriate for interlocutory review. The issue of whether the United States may be made an involuntary plaintiff under these circumstances is a question of first impression and one that may have a far-reaching impact.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The United States' petition for permission to appeal is granted.
 
 
 
 [1]
 Thorne's memorandum will not be considered. If Thorne wished to participate, Thorne should have filed a petition for permission to appeal. We note that Thorne has appealed from a March 14, 1990 preliminary injunction order. Presumably, Thorne will be arguing in that appeal that the United States not be made an involuntary plaintiff, that the suit should be dismissed and, therefore the injunction dissolved. Accordingly, we will entertain a motion to have these cases treated as companion cases on appeal, i.e., briefed and argued before the same panel
 
 
 [2]
 Section 207(a)(2) provides:
 Each Federal agency is authorized to--
 * * *
 (2) grant non-exclusive, exclusive, or partially exclusive licenses under federally owned patent applications, patents, or other forms of protection obtained, royalty-free or for royalties or other consideration, and on such terms and conditions, including the grant to the licensee of the right of enforcement pursuant to the provisions of chapter 29 of this title as determined appropriate in the public interest.
 
 
 [3]
 Section 516 provides:
 Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.